**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4162**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD TINGLER,

Defendant - Appellant.

**No. 21-4163**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID GOLLAHON,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge. (1:19-cr-00257-DKC-1; 1:19-cr-00257-DKC-2)

Submitted: December 16, 2021                    Decided: December 17, 2021

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Ellicott City, Maryland; Steven Hale Levin, ROSENBERG MARTIN GREENBERG LLP, Baltimore, Maryland, for Appellants. Paul Anthony Riley, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Tingler and David Gollahon ("Defendants") pled guilty, pursuant to written plea agreements, to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), (f), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Tingler to 168 months' imprisonment and Gollahon to 156 months' imprisonment. On appeal, Defendants' attorneys have filed a joint brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Gollahon's guilty plea was valid and his sentence reasonable, and whether Tingler's trial counsel rendered ineffective assistance at sentencing. The Government moves to dismiss the appeals pursuant to the appeal waivers in Defendants' plea agreements. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the plea agreements and the transcripts of the Fed. R. Crim. P. 11 hearings, we conclude that Defendants knowingly and voluntarily waived their right to appeal their sentences, with limited exceptions not applicable here, and the sentencing issue Gollahon raises on appeal falls squarely within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeals as to all issues within the scope of the waivers.

The waiver provisions, however, do not preclude our review of the validity of the guilty pleas pursuant to *Anders*. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss. Because

3

Defendants did not seek to withdraw their guilty pleas, we review the adequacy of the Rule 11 hearings for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). Our review of the record leads us to conclude that Defendants entered their guilty pleas knowingly and voluntarily and that factual bases supported the pleas. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Discerning no plain error, we conclude that Defendants' guilty pleas are valid.

With respect to Tingler's allegation of ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). As the record does not conclusively demonstrate that counsel was ineffective, Tingler's claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id*. at 508.

In accordance with *Anders*, we have reviewed the entire record in these cases and have found no meritorious grounds for appeal outside the scope of Defendants' valid appellate waivers. We therefore dismiss the appeals as to all issues within the scope of the waivers and affirm the remainder of the district court's judgments. This court requires that counsel inform Tingler and Gollahon, in writing, of the right to petition the Supreme Court of the United States for further review. If Tingler or Gollahon requests that a petition be

4

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tingler or Gollahon as appropriate.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*